UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deshonta Sparrow<br><br>         Plaintiff,<br><br><br><br>  -v.-<br><br>National Enterprise Systems, Inc.<br><br>         Defendant. | Civil Action No: 1:17-cv-2728<br><br>**COMPLAINT** |

Plaintiff Deshonta Sparrow ("Plaintiff" or "Sparrow") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant National Enterprise Systems, Inc. ("Defendant" or "NES") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of New York, residing at 114 E 3rd Street, Apt. 1A, New York, NY 10009.

3. Defendant is a debt collector with an address at 29125 Solon Road, Solon, Ohio, 44139.

4.    National Enterprise Systems is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8.    On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.    This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.   On or around April 14, 2016, the Plaintiff received an initial communication letter from the Defendant.

11.   This letter did not contain all the requirements of ''G Notice." Specifically this letter deceptively and incorrectly states who the original creditor is that the alleged debt is owed to.

12. The letter claims the original creditor to be Walmart Credit Card and then labeled Synchrony Bank as merely the current creditor.

13. Walmart is neither a bank nor an issuer of creditor, rather Synchrony Bank is the original creditor and Walmart might be the description of the debt.

14. The least sophisticated consumer would be confused as to whom the debt is truly owed to.

15. It is deceptive to not clearly state who the creditor is on any letter sent. Mere allusions are not enough but the letter must specifically and clearly state who the creditor is.

16. Furthermore the letter stated the balance as $5283.29.

17. §§ 1692e requires debt collectors, when informing debtors of their account balance to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger Associates, LLC,* 817 F 3d 72, 76 (2nd Cir. 2016).

18. Defendant's collection letter fails to include the safe harbor language set out in *Avila v. Riexinger Associates, LLC,* 817 F 3d 72, 76 (2nd Cir. 2016).

19. A consumer would not know the true implications of paying now or risking further costs and fees.

20. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

23. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Deshonta Sparrow demands judgment from the Defendant National Enterprise Systems, Inc. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
April 14, 2017

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501